**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES ALLEN HEINLE,

        Petitioner,

v.                                    Case No. 05-CV-71677-DT

PERCY CONERLY,

        Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

James Allen Heinle ("Petitioner"), a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of first-degree criminal sexual conduct, third-degree criminal sexual conduct, fourth-degree criminal sexual conduct, assault with intent to commit criminal sexual conduct, second-degree, four counts of delivery of a controlled substance to a minor, and two counts of furnishing alcohol to a minor following a jury trial in the Wayne County Circuit Court in 2001.  He was sentenced to concurrent terms of 135 to 360 months imprisonment, 57 to 180 months imprisonment, 16 to 24 months imprisonment, 23 to 60 months imprisonment, 48 to 96 months imprisonment, and 60 days imprisonment on those convictions.

In his pleadings, Petitioner raises ten claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, four claims of prosecutorial misconduct, a due process claim concerning the charging information, and three claims of insufficient evidence.  For the reasons

stated, the court will dismiss the petition for a writ of habeas corpus without prejudice for failure to exhaust state court remedies.

Petitioner's convictions arise from his conduct with teenagers at his home in Wyandotte, Michigan in 2000. Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting several claims of ineffective assistance of trial counsel, claims of prosecutorial misconduct, a due process claim concerning the charging information, and claims of insufficient evidence. The Michigan Court of Appeals affirmed his conviction. *See People v. Heinle*, No. 241570, 2004 WL 1416251 (Mich. Ct. App. June 24, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, asserting the same claims as well as new claims asserting that trial counsel was ineffective for failing to challenge the jury voir dire and for failing to request the lesser included charge of third-degree criminal sexual conduct on the first-degree charge and that appellate counsel was ineffective. The Michigan Supreme Court denied leave to appeal. *People v. Heinle*, 692 N.W.2d 385 (Mich. Jan. 31, 2005).

Petitioner dated the present petition for writ of habeas corpus on April 25, 2005 and it was filed by the Court on April 28, 2005.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b),(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement. *See Welch*

*v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

As stated in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483.  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.  Petitioner admits that he did not raise two of his ineffective assistance of counsel claims and his ineffective assistance of appellate counsel claims before the Michigan Court of Appeals.  *See* Pet. at 4.  His subsequent inclusion of those claims in his application for leave to appeal to the Michigan Supreme Court does not satisfy the exhaustion requirement.  *See Castille v. Peoples,* 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons").  Thus, Petitioner has failed to fully exhaust his state court remedies as to three of his habeas issues.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court."  *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982);[1]

---

[1] In *Rose*, the Court also discussed the possible consequences of these choices.  The plurality indicated that under 28 U.S.C. §2254 Rule 9(b), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal [with prejudice] of subsequent federal petitions."  *Id.* at 521 [O'Connor, J., with three justices concurring].

*see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, ___ U.S. ___, 125 S. Ct. 1528, 1534-35 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. *Id.* at 1525.

In this case, Petitioner has available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.*, raising the unexhausted claims and then pursue those claims in the Michigan appellate courts. Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not serve as an impediment for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begun to until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about May 1, 2005, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). Lastly,

Petitioner's unexhausted claims concern matters of federal law which may warrant further review.[2] Those claims should therefore be addressed to, and considered by, the state courts in the first instance.

For the reasons stated above, the court concludes that Petitioner has failed to fully exhaust state court remedies as to the claims contained in his habeas petition. Accordingly,

IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.  Should Petitioner wish to proceed only on his exhausted claims and withdraw his unexhausted claims, he may move to re-open this case and proceed on the exhausted claims within 30 days of the date of this order.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2005, by electronic and/or ordinary mail.

    s/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

---

[2] The court expresses no opinion on the merits of Petitioner's claims.