**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES ALLEN HEINLE,

        Petitioner,

v.                                                    CASE NO. 05-CV-71677-DT

PERCY CONERLY,

        Respondent.

                                       /

**ORDER DENYING PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner has filed a motion for a certificate of appealability concerning the court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal the court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by

1

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having reviewed the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his ineffective assistance of counsel claims. He has failed to allege facts which demonstrate that trial counsel was deficient and/or that he was prejudiced by counsel's conduct under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner has also failed to make a substantial showing of the denial of a constitutional right as to his prosecutorial misconduct claims. The prosecutor's comments on the law were proper, the comments on the witnesses' credibility were based upon the evidence and reasonable inferences therefrom, and any misstatements about the evidence were not so flagrant as to render the trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). Further, the record does not support Petitioner's assertion that the prosecutor knowingly presented false testimony. *See, e.g., Coe v. Bell,* 161 F.3d 320, 343 (6th Cir. 1998).

Petitioner has also failed to make a substantial showing of the denial of a constitutional right as to his claim challenging the scope of the information. The information sufficiently informed Petitioner of the charges against him under state law and provided him with an adequate opportunity to present a defense to the charges.

*See Berger v. United States*, 295 U.S. 78, 82 (1935); *see also Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

Lastly, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his insufficient evidence claims. The record reveals that the prosecution presented sufficient evidence of guilt, through the victims' testimony, to support Petitioner's first-degree criminal sexual conduct, assault with intent to commit second-degree criminal sexual conduct, and delivery of marijuana convictions under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Because reasonable jurists would not disagree with the court's decisions to deny Petitioner's claims,

IT IS ORDERED that Petitioner's motion for a certificate of appealability [Dkt. # 35] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-71677.HEINLE.COA.wpd